[Seely v. Blair.]

## GEAUGA COUNTY, AUGUST TERM, 1833.

### JUDGES—LANE AND WRIGHT.

### SEELY v. BLAIR.

Slander—malice—against a public officer or a candidate.

The action of slander was intended to prevent people from redressing such grievances by personal violence.

The first inquiry in slander is, were the words spoken? if so, were they spoken maliciously?

Where the accusation is of crime, the law presumes the accused innocent, infers malice from the false charge.

Excuse or justification must be proven by the defendant, and if he fail the plaintiff should recover.

That one is in public office, or a candidate, confers no authority upon any to slander or utter falsehoods of him. The truth may be spoken of an officer, not falsehood; any other rule would subvert the government, and leave all public employment to men having no regard for character.

SLANDER, on a charge of perjury. Plea not guilty, and notice of justification that the words are true.

It appeared in evidence, that the plaintiff was a candidate for sheriff, and the defendant went round the county to prevent his election, and frequently accused him of perjury and swearing falsely. Much evidence was introduced, to prove that the plaintiff had sworn falsely, in a controversy between Seely, Morly, & Co. and the Geauga Iron Co. before a justice of the peace.

*Giddings* and *C. Pease*, for the plaintiff.

*J. H. Paine* and *G. Tod*, for the defendant. They contended the case was one to try how far free inquiry might be made into the conduct of candidates for office in this free country.

LANE, J. to the jury. The remedy by the action of slander, was given to prevent parties from redressing such grievances by personal violence. Your acquaintance with the tone of society here, fit you to estimate the amount of compensation for injury resulting from an accusation of perjury. The first inquiry is, are the words proven to have been spoken? If so, were they spoken maliciously, or in a slanderous sense? Malice is an evil intention: if one accuse another of crime, he is presumed to make a false accusation, and malice is inferred from the falsehood. The excuse or justification for speaking must be proved by the defendant; as, that the words were true, or were spoken under circumstances to negative malice, and if he fail so to do, the plaintiff is entitled to a verdict. If the words are proven, and doubts exist only as to the defence, they are to be resolved in favor of the plaintiff. That the plaintiff was a

[Burbridge v. Seely, Morly, & Co.]

candidate for office, is no excuse for slandering him.   We have no right to tell a lie of another, because he is a candidate for office, or is in office; though we may speak the truth of him, we have no right to bear false witness against our neighbor.   It would subvert our government, to allow the promulgation of falsehood, which would drive from office men who regard character, and leave in only those without any.

Verdict for the plaintiff $640.

Motion for new trial overruled, and judgment on the verdict.